# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

NIGEL TERRELL POLAND                                                                                              PLAINTIFF
ADC #108769

V.                                            NO: 4:08CV00016 JMM/HDY

SALINE COUNTY
SHERIFF'S DEPARTMENT *et al.*                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District
       Judge (if such a hearing is granted) was not offered at the

        hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on January 4, 2008 alleging constitutional violations relating to the conditions of his confinement at the Saline County Jail, the medical treatment he received there, an alleged denial of bail, a grievance process alleged to be inadequate or ineffective, and punishment allegedly administered because of his complaints. Plaintiff seeks $500,000.00 in damages. On April 15, 2008, Defendants Phil Mask, Hugh Gentry, Dru Reed, and Ray Pennington, filed a motion for summary judgment, a brief in support, statement of facts, and various supporting exhibits (docket entries #31-#47). Although Plaintiff has been given additional time to file a response (docket entry #48), he has failed to do so.

### I. Standard of Review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

Plaintiff entered the Saline County Jail on August 24, 2007.  The major portion of Plaintiff's complaint is that he was denied adequate medical care for his painful back while he was held at the jail.  The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  To succeed with an inadequate medical care claim, a plaintiff must allege and prove that:  (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v.*

*Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

The affidavit of Gentry, the jail administrator (docket entry #32), indicates that Plaintiff was initially given over the counter pain medication for his complaints of back pain. Due to Plaintiff's continuing complaints, he was taken to a physician on November 6, 2007, where he was prescribed two pain medications and an oral medication for diabetes. Defendants assert that Plaintiff was given the medications as provided, and that he was provided medical attention (docket entry #47).[1] On December 5, 2007, Plaintiff was released. Subsequently, Plaintiff returned to the jail briefly, but the case against him was *nolle prossed* on February 19, 2008 (docket entry #45).[2] At most, Plaintiff's medical care was merely delayed. However, when a prisoner claims that a delay in receiving medical treatment amounts to inadequate medical care, he must allege (and eventually come forward with medical evidence verifying) a detrimental effect from the delay in medical treatment. *Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997). Plaintiff has made no such allegation, nor has he come forward with evidence to establish a detrimental effect of any delay.

Further, although Plaintiff complains that he was held in the infirmary as a form of punishment, and that the conditions there were undesirable, Gentry's affidavit indicates that Plaintiff was held in the infirmary so that he would not be hurt in the "pods." Defendants were merely attempting to accommodate Plaintiff's needs, and there is no evidence the assignment was retaliatory, or that the conditions there were unconstitutional.

---

[1] Because Plaintiff has not contested Defendants' statement of undisputed facts, the facts are deemed admitted. *See* Local Rule 56.1(c).

[2] The amount of time Plaintiff spent in the jail upon his brief return is unclear, but it appears he returned on February 5, 2008 (docket entry #10), and was released once the charges against him were *nolle prossed*.

4

Plaintiff has also complained that the grievance process is ineffective, and that grievances often go unanswered. Defendants dispute this assertion, though they admit that some grievances are not responded to in writing. Regardless, there is no constitutional right to a grievance process. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983).

Finally, to the extent that Plaintiff claims he was improperly held, Defendants have asserted that they were not involved in the decision to incarcerate Plaintiff (docket entry #32). Thus, even if Plaintiff was denied bail, his claims are not appropriate against the Defendants named herein. Because no material facts remain in dispute, and the record shows Defendants are entitled to summary judgment, Defendant's motion should be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #31) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this    19    day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE